# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1579

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Charlton Watson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 4, 2009
Filed: September 11, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Charlton Watson pleaded guilty to possessing with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). The district court[1] found that Watson was a career offender under U.S.S.G. § 4B1.1, and sentenced him below the applicable Guidelines range to 216 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Watson has filed a pro se brief, also arguing that the sentence was unreasonable.

We review the imposition of sentences under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). We find no abuse of discretion here. We note in particular the district court's consideration of 18 U.S.C. § 3553(a) and discussion of the specific factors on which it relied to impose a sentence below the advisory Guidelines range. See United States v. Stults, No. 08-3183, 2009 WL 2476695, at *13 (8th Cir. Aug. 14, 2009) (where record reflects district court made individualized assessment based on facts presented, specifically addressing defendant's proffered information in its consideration of sentencing factors, sentence is not unreasonable).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw, and we deny Watson's motion for new counsel.

_____